# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERSAI NATHANAEL MENDEZ DIAZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-4687-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Guatemala[1] who entered the United States on or about May 15, 2021 without inspection. Petitioner resided with his parents, was employed as a construction work, and has no criminal history. (ECF No. 1 at 9.[2]) On February 10, 2026, Petitioner was arrested while on his way to work after the vehicle in which he was a passenger was stopped by law enforcement. (ECF No. 1 at 9; ECF No. 6-1 at 2.)The Department of Homeland Security (“DHS”) placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a. (ECF No. 1-2;

[1] Petitioner’s identifying information is listed Mexican on the ICE Inmate Locator, but Petitioner’s correct nationality is Guatemalan. (ECF No. 1 at 9 n.2.)

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

ECF No. 6-2.) Petitioner is currently detained at the Mesa Verde Detention Center. (ECF No. 1 at 9; ECF No. 1-1.)

On June 18, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention on statutory and due process grounds. (ECF No. 1 at 10–11.) On July 12, 2026, Respondents filed a response, and Petitioner filed a reply on July 13, 2026. (ECF Nos. 6, 7.)

## II.

## DISCUSSION

Respondents argue that "[a]s an applicant for admission, petitioner is subject to mandatory detention and thus ineligible for a bond hearing. Petitioner does not possess the right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 6 at 2.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is not detained under 8 U.S.C. § 1225(b). Additionally, there is nothing in the record before this Court indicating that an administrative warrant was issued or that Petitioner has ever been arrested or charged with a crime, and Respondents do not contend he is a danger to the community or a flight risk. Accordingly, the Court recommends that Petitioner be immediately released. See J.A.C.P., 2025 WL 3013328, at *8.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be directed to immediately release Petitioner.

3. Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2026**

STANLEY A. BOONE
United States Magistrate Judge